IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02140-REB-MEH

KRISTIN YANKOWSKI,

    Plaintiff,

v.

UPRIGHT INC., a corporation, and
TANFIELD GROUP PLC, a U.K. corporation,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 31, 2011.**

    Before the Court is Plaintiff's Motion to Amend Complaint [filed April 29, 2011; docket #49]. Plaintiff seeks to modify certain factual allegations in her Complaint pursuant to discovery learned during the litigation. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (learning information underlying the amendment through discovery that occurs after the deadline set forth in the Scheduling Order constitutes good cause to justify an extension of the deadline). Defendant Tanfield Group PLC ("Tanfield") objects "to the extent such [amendments] are intended to establish liability, causation and damages against Tanfield." Response, ¶ 3, docket #54 at 2. Tanfield further argues that "it should not be held responsible ... under any theory of successor liability because the subject product no longer exists." *Id.* The Court understands that this may be Tanfield's theory of defense in the case, but Tanfield fails to explain why or how Plaintiff's proposed amendments themselves seek to improperly "establish liability, causation and damages against Tanfield" in any way that is different than the allegations made in Plaintiff's original complaint. Tanfield's objection in this matter is more suited for a dispositive motion, rather than indirectly through opposition of a Rule 15(a) motion. *See Fluker v. Federal Bureau of Prisons*, No. 07-2426-CMA-CBS, 2009 WL 1065986, *5 (D. Colo. Apr. 21, 2009) (unpublished). Considering that the denial of a motion to amend is a dispositive issue that may be only *recommended* by this Court, proceeding under Rule 12 may, at least, avoid one round of objections under Fed. R. Civ. P. 72(a) or 72(b). Therefore, to promote the interests of justice and efficiency, the Court finds good cause to extend the deadline for amendment of pleadings, and **grants** Plaintiff's motion. The Court directs the Plaintiff to file an Amended Complaint consistent with the language set forth in her motion **on or before June 6, 2011**. Defendants shall respond to the Amended Complaint pursuant to Fed. R. Civ. P. 15(a) and all other applicable federal and local rules.